IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

***Electronically Filed***

| | | |
|---|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. _________________ |
| EN V US HAMBURG LLC d/b/a MASSAGE ENVY and MARCIA COTNER, | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes the Plaintiff, Travelers Casualty Insurance Company of America ("Travelers"), by counsel, and for its Complaint for Declaratory Judgment against Defendants EN V US Hamburg LLC d/b/a Massage Envy ("EN V US Hamburg") and Marcia Cotner ("Cotner") seeking a judgment defining Travelers' insurance obligations under a policy of insurance issued by Travelers to EN V US Hamburg LLC, hereby states as follows:

## I. NATURE OF THE ACTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57 for the purpose of determining the rights and legal obligations between the parties under the Travelers Policy (as defined below), which rights and legal obligations are in genuine controversy as more fully set forth herein.

2. An actual, justiciable controversy exists between Travelers, EN V US Hamburg LLC d/b/a Massage Envy Hamburg, and Marcia Cotner regarding Travelers' lack of a legal duty to defend or indemnify EN V US Hamburg or Cotner under the Travelers Policy, for the claims asserted against Defendants in the civil action styled *Jane Doe and Jane Doe II and Jane Doe III v. Massage Envy Franchising, LLC and ME SPE Franchising, LLC and EN V Hamburg d/b/a Massage Envy Hamburg and Marcia Cotner and ABC Corporation 1-10 (Fictitious Entities) and John Does 1-10 (Fictitious Entities)*, Fayette Circuit Court, Division 4, Case No. 26-CI-01739 (the "Massage Envy Lawsuit").

3. Travelers brings this action seeking a declaration that it has no legal duty or obligation, whether contractual, equitable, or otherwise, to indemnify EN V US Hamburg or Cotner under the Travelers Policy for any final judgment against them for any claims asserted in the Massage Envy Lawsuit. Similarly, Travelers seeks a declaration that it has no duty to further defend EN V US Hamburg or Cotner in the Massage Envy Lawsuit, including participation in any appeal from any final judgment to be entered against it.

4. The legal basis for the requested declaration is that the claims in the Massage Envy Lawsuit fail to satisfy the terms of the Travelers Policy. Therefore, a judicial declaration that the Travelers Policy does not require any defense or indemnity for EN V US Hamburg or Cotner is necessary.

5. All conditions precedent to the relief requested by Travelers have been performed or have occurred.

## **II. THE PARTIES**

6. Travelers adopts and incorporates by reference the allegations contained in Paragraphs 1 through 5 of this Complaint.

7. Plaintiff Travelers Casualty Insurance Company of America was organized and incorporated under the laws of the State of Connecticut and maintains its principal place of business in Connecticut. It is authorized to do, and does, transact business within the Commonwealth of Kentucky. Travelers is deemed a citizen of Connecticut for jurisdiction purposes.

8. Defendant EN V US Hamburg LLC d/b/a Massage Envy Hamburg is a Kentucky limited liability company with its registered address at 12700 Townepark Way, Ste. 300, Louisville, KY 40243. EN V US Hamburg operates the Massage Envy Hamburg location at 1908 Bryant Road, Suite 140, Lexington, Fayette County, Kentucky 40509 (the "Massage Envy Hamburg location").

9. For purposes of 28 U.S.C. § 1332, the citizenship of a limited liability company is the citizenship of each of its members. On information and belief, the sole member of EN V US Hamburg LLC is Marcia Cotner who is a citizen of the Commonwealth of Kentucky. No member of EN V US Hamburg LLC is a citizen of the State of Connecticut.

10. Defendant Marcia Cotner is a citizen and resident of the Commonwealth of Kentucky, whose mailing address is 12700 Townepark Way, Ste. 300, Louisville, KY 40243. Cotner is the manager and sole member of Defendant EN V US Hamburg.

## III. JURISDICTION AND VENUE

11. Travelers adopts and incorporates by reference the allegations contained in Paragraphs 1 through 10 of this Complaint.

12. This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different States and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

13. The amount in controversy is measured by the value of the object of this litigation, namely the defense and indemnity obligations Travelers is alleged to owe. The Travelers Policy affords a per-occurrence limit of $2 million and a general aggregate limit of $4 million. The claimants in the Massage Envy Lawsuit seek compensatory and punitive damages in an unspecified amount, and Travelers has incurred and continues to incur defense costs. The amount in controversy therefore exceeds $75,000.00, exclusive of interest and costs.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in Fayette County, Kentucky, which falls within the Eastern District of Kentucky, Central Division at Lexington. The conduct giving rise to the Massage Envy Lawsuit occurred in Fayette County, Kentucky.

15. There is an actual controversy existing between the parties regarding whether Travelers is obligated, under the insurance policy it issued to Defendant EN V US Hamburg, to defend and indemnify Defendant EN V US Hamburg and Cotner in the Massage Envy Lawsuit.

16. This is a proper case in which the Court may exercise jurisdiction and declare the rights and liabilities of the parties.

17. A declaratory judgment in this action will settle the controversy between Travelers and Defendants concerning coverage under the Travelers Policy and will serve a useful purpose in clarifying the legal relations at issue. No action concerning coverage under the Travelers Policy is pending in any state court.

18. The coverage questions presented are purely legal and are resolved by comparing the language of the Travelers Policy to the allegations of the Massage Envy Lawsuit. Their resolution neither requires this Court to decide, nor depends upon the state court's resolution of, any disputed factual issue in the Massage Envy Lawsuit.

19. Travelers does not seek declaratory relief for the purpose of procedural fencing or to obtain a res judicata advantage, and the exercise of jurisdiction will not increase friction between the federal and state courts or improperly encroach upon state jurisdiction.

## IV. THE TRAVELERS POLICY

20. Travelers adopts and incorporates by reference the allegations contained in Paragraphs 1 through 19 of this Complaint.

21. Defendant EN V US Hamburg LLC is a Named Insured on an Office PAC Custom Insurance Policy issued by Travelers, identified as Policy No. 680-2S053540-25-42 for the Policy Period of June 8, 2025 to June 8, 2026 ("Travelers Policy"). A true and accurate copy of the Travelers Policy is attached as **Exhibit 1** to this Complaint. Cotner is an insured under the Travelers Policy because of her status as a member and manager of EN V US Hamburg LLC.

22. The Businessowners Coverage Part Declarations identify the Form of Business as a Limited Liability Company and the Business as a Med Spa.

23. The Commercial General Liability Coverage of the Travelers Policy is written on Form CG T1 00 02 19 and affords an Each Occurrence Limit of $2,000,000 and a General Aggregate Limit of $4,000,000.

24. Defendants Cotner and EN V US Hamburg seek coverage under the Commercial General Liability Coverage of the Travelers Policy, which insures Defendant EN V US Hamburg and its members for covered "'bodily injury' or 'property damage' to which this insurance applies."

25. The Travelers Policy states as follows:

**SECTION I - COVERAGES**

**Coverage A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory". …

26. The Travelers Policy defines an "insured" as:

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

**c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

27. The Policy contains an endorsement, Exclusion – Sexual Misconduct (Form CG D9 27 08 22), which provides in relevant part:

**1.** The following exclusion is added to Paragraph **2. Exclusions**, of **SECTION I – COVERAGES – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**

**Sexual Misconduct**

"Bodily injury" arising out of "sexual misconduct" committed by any person.

**3.** The following is added to the **DEFINITIONS** Section:

"Sexual misconduct" means any actual or threatened illegal or offensive act of a sexual nature committed against any person, regardless of whether such illegal or offensive act involved physical contact with such person.

28. The Policy also contains the endorsement, Professional Services Exclusion – Services Furnished by Health Care Providers (Form CG D3 43 04 09), which provides in relevant part:

**2.** The following exclusion is added to Paragraph **2.**, **Exclusions**, of **SECTION I – COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**

**Professional Health Care Services**

"Bodily injury" or "property damage" arising out of providing or failing to provide "professional health care services".

**4.** The following is added to the **DEFINITIONS** Section:

"Professional health care services" includes:

**a.** Any medical, surgical, dental, laboratory, x-ray or nursing services, treatment, advice or instruction, or the related furnishing of food or beverages;

**d.** Any health or therapeutic service, treatment, advice or instruction; and

**g.** The service by any person as a member of a formal accreditation, standards review, peer review or equivalent professional board or committee or member of any professional organization or committee.

29. The Travelers Policy defines "bodily injury" as:

**a.** Physical harm, including sickness or disease, sustained by a person; or

**b.** Mental anguish, injury or illness, or emotional distress, resulting at any time from such physical harm, sickness or disease.

30. The Travelers Policy defines "occurrence" as:

> **a.** An accident, including continuous or repeated exposure to substantially the same general harmful conditions; or
>
> **b.** An act or omission committed in providing or failing to provide first aid or "Good Samaritan services" to a person, unless you are in the business or occupation of providing professional health care services.

## V. THE MASSAGE ENVY LAWSUIT

31. Travelers adopts and incorporates by reference the allegations contained in Paragraphs 1 through 30 of this Complaint.

32. Defendant EN V US Hamburg owns and operates the Massage Envy franchise located at 1908 Bryant Road, Suite 140, Lexington, Fayette County, Kentucky 40509 (the "Insured Premises").

33. Caleb Howard ("Howard") was a massage therapist employed at the Insured Premises. Howard is not a named defendant in the Massage Envy Lawsuit.

34. On or about April 17, 2026, Jane Doe filed a Complaint in the Massage Envy Lawsuit against EN V US Hamburg, Cotner, and other defendants asserting claims arising out of the sexual misconduct of Howard.

35. On or about June 10, 2026, Jane Doe II filed an Intervening Complaint in the Massage Envy Lawsuit against EN V US Hamburg, Cotner, and other defendants, asserting claims arising out of the sexual misconduct of Howard. A copy of the Intervening Complaint in the Massage Envy Lawsuit is attached as **Exhibit 2** and incorporated by reference herein.

36. On June 25, 2026, Jane Doe and Jane Doe III filed a First Amended Complaint in the Massage Envy Lawsuit against EN V US Hamburg, Cotner, and other defendants, asserting claims arising out of the sexual misconduct of Howard. A copy of the First Amended Complaint in the Massage Envy Lawsuit is attached as **Exhibit 3** and incorporated by reference herein.

37. The Massage Envy Lawsuit alleges that Jane Doe, Jane Doe II, and Jane Doe III (collectively, the "Doe Plaintiffs") had each previously received massages at the Insured Premises.

38. The Massage Envy Lawsuit alleges that on or about March 14, 2026, Jane Doe received a massage from Howard at the Insured Premises.

39. During the massage, Jane Doe alleged that she felt Howard had only one hand rubbing her shoulder and that she heard a sound similar to Howard "manipulating his pants."

40. Jane Doe alleged that she suddenly felt a warm liquid spray on her back. At that time, Jane Doe sat up and saw Howard remove his hand from his pants, which revealed an erection.

41. Jane Doe reported the incident to a Massage Envy manager and to local law enforcement.

42. Following the incident, Jane Doe alleged that Howard was interviewed by local law enforcement and admitted to masturbating during the massage session and that the substance on her back was Howard's semen.

43. Jane Doe II attended Massage Envy for a massage by Howard on February 19, 2026.

44. During the massage, Jane Doe II alleged that Howard, without warning or consent, touched her genitals.

45. Jane Doe II alleges that she then left the massage and requested to terminate her membership.

46. The Intervening Complaint alleges that, because of other similar allegations, Howard was interviewed by police and criminally charged, and that he admitted to several specific allegations of sexual assault.

47. Regarding Jane Doe III, the Massage Envy Lawsuit alleges that on or about March 14, 2026, she received a massage from Howard.

48. Jane Doe III alleged that an improper technique was used on the draping, which caused it to fall off when she moved, and may have partially exposed her breasts.

49. During the massage, Jane Doe III believed she fell asleep. Upon waking up, she alleged that she heard an unusual noise. Howard's hand returned to her body after Jane Doe III lifted her head from the cradle. Jane Doe III alleged that Howard was masturbating during the massage.

50. Jane Doe III reported the sexual misconduct to local law enforcement.

51. As to Plaintiffs Jane Doe and Jane Doe III, the operative pleading in the Massage Envy Lawsuit is the First Amended Complaint. As to Intervening Plaintiff Jane Doe II, the operative pleading is the Intervening Complaint.

52. The First Amended Complaint and the Intervening Complaint each assert the same eleven counts:

| | |
|---|---|
| Count I | Vicarious Liability |
| Count II | Negligence, asserted only against Massage Envy Franchising, LLC, ME SPE Franchising, LLC, ABC Corporation 1–10 and John Does 1–10 |
| Count III | Negligence, asserted against EN V US Hamburg d/b/a Massage Envy Hamburg, Marcia Cotner, ABC Corporation 1–10 and John Does 1–10 |
| Count IV | Negligent Performance of Undertaking to Render Services |
| Count V | Negligence Per Se |
| Count VI | Negligent Infliction of Emotional Distress |
| Count VII | Negligent Misrepresentation |
| Count VIII | Fraudulent Concealment |
| Count IX | Civil Conspiracy |
| Count X | Negligent Failure to Rescue |

Count XI Claim for Punitive Damages

53. Counts I and IV through XI are asserted against all defendants in the Massage Envy Lawsuit. The claims asserted against EN V US Hamburg and Cotner are therefore Counts I, III, IV, V, VI, VII, VIII, IX, X and XI. Each of those counts is predicated upon the sexual misconduct of Howard.

54. The First Amended Complaint and Intervening Complaint allege that the sexual misconduct occurred on a massage table at the Insured Premises, during normal business hours, and "in the course and scope of the performance of [Howard's] duties" while he was rendering massage therapy services to the Doe Plaintiffs.

55. Count I of the First Amended Complaint and Intervening Complaint asserts vicarious liability against all Defendants. It alleges that Howard engaged in unpermitted, harmful and offensive sexual conduct and contact upon the persons of the Doe Plaintiffs in violation of Kentucky law; that prior to that conduct the Defendants knew, had reason to know, or were otherwise on notice of the unlawful sexual conduct of Howard and of other massage therapists at Massage Envy franchise locations nationwide; that the Defendants failed to take reasonable steps and to implement reasonable safeguards to avoid further acts of unlawful sexual conduct by Howard, including by failing to prevent or avoid placing him in functions or environments in which contact with female customers in vulnerable positions was inherent; and that at no time did the Defendants have in place any system or procedure to supervise or monitor employees to ensure that they did not sexually assault female customers at franchise locations.

56. Count I further alleges that incidents of sexual predators in the service or employment of the franchisor Defendants were neither isolated nor unusual; that those Defendants failed for years to reprimand, punish, report or otherwise sanction massage therapists known or

reasonably knowable to be sexual predators, including Howard; that their knowing acquiescence and silence constituted a course of conduct through which acts of sexual perversion and the violation of female customers were condoned, approved and effectively authorized; and that by failing to timely reprimand and sanction such conduct the Defendants, including EN V US Hamburg LLC and Cotner, ratified Howard's actions and are vicariously liable for them.

57. Count III of the First Amended Complaint and Intervening Complaint asserts negligence against EN V US Hamburg d/b/a Massage Envy Hamburg, Marcia Cotner, ABC Corporation 1–10 and John Does 1–10. It alleges that those Defendants knew or reasonably should have known of Howard's dangerous and exploitive propensities and that he was an unfit agent; that they owed the Doe Plaintiffs duties to reasonably identify, remove and report sexual predators in their service and employ, including Howard, to law enforcement authorities and to the state massage therapy board, and to reasonably supervise and monitor such persons; and that, the Doe Plaintiffs having been in their care under circumstances depriving the Doe Plaintiffs of their entitlement to safe care and protection, they owed duties to aid and protect the Doe Plaintiffs, to control the actions of third parties, and to control the acts of their own agents, servants and employees, as set forth in Restatement (Second) of Torts §§ 314A(4) and 315.

58. Count III further alleges that those Defendants did not have in place, or failed to enforce, adequate rules, regulations, policies and procedures to identify, remove and report sexual predators, including Howard, to criminal authorities and to the state board of massage therapy; that they failed to investigate the backgrounds of massage therapists, to restrict the activities of therapists suspected of sexual assault, to investigate allegations of sexual assault, to train and designate competent investigators, to maintain standards of acceptable conduct and standards for reporting sexual misconduct, and to maintain reasonably safe and secure premises free from dangerous conditions.

59. Count III further alleges that those Defendants permitted Howard to sexually assault female customers, including the Doe Plaintiffs, on the premises of Massage Envy Hamburg during operating hours, and permitted him to violate Kentucky criminal statutes prohibiting Sexual Abuse in the First Degree, KRS 510.110; failed to supervise, discipline and train their employees with respect to sexual assaults of female customers by massage therapists; failed to adopt, enforce or follow policies and procedures to protect female customers against harmful contact by massage therapists; created an environment that facilitated Howard's sexual assaults of the Doe Plaintiffs; failed to warn the Doe Plaintiffs of the risk of harm posed by Howard; failed to warn of or otherwise make reasonably safe the property they possessed and controlled; failed to report the assaults to law enforcement or the state board of massage therapy; and negligently managed and operated Massage Envy Hamburg. Each such alleged act and omission is pleaded as a cause of the sexual misconduct Howard committed against the Doe Plaintiffs and of the injuries alleged to have resulted from it.

60. Count IV of the First Amended Complaint and Intervening Complaint alleges that Defendants undertook, for consideration, the provision of massage therapy services to Doe Plaintiffs pursuant to Restatement (Second) of Torts § 323, and that Doe Plaintiffs were harmed by Defendants' failure to exercise reasonable care in the performance of that undertaking.

61. Count V of the First Amended Complaint and Intervening Complaint alleges that Defendants' conduct constitutes negligence per se by reason of violations of KRS Chapter 510, relating to sexual offenses.

62. Counts VII, VIII and IX of the First Amended Complaint and Intervening Complaint allege that Defendants negligently misrepresented and fraudulently concealed the risk of sexual assault at Massage Envy locations and conspired to do so, and that Doe Plaintiffs would not have purchased massage services or memberships had that risk been disclosed.

63. Count XI of the First Amended Complaint and Intervening Complaint seeks punitive damages, alleging that Defendants' acts and omissions were willful, malicious, wanton, reckless and undertaken with conscious disregard for Doe Plaintiffs' rights, and that Defendants knowingly permitted massage therapists whom they knew or had reason to know were sexual predators to remain in their employ or service.

64. On or about April 17, 2026, EN V US Hamburg and Cotner tendered the Massage Envy Lawsuit to Travelers. By letter dated May 7, 2026, Travelers agreed to provide a defense subject to a full and complete reservation of rights, including the right to modify its coverage determination and to withdraw from the defense upon proper notice. By supplemental letter dated August 18, 2026, Travelers exercised its reserved right to modify its coverage position, advised EN V US Hamburg and Cotner that Travelers has no duty to defend or indemnify them in the Massage Envy Lawsuit, and further advised that Travelers intends to seek declaratory relief from a court of competent jurisdiction regarding its obligations under the Travelers Policy. Travelers is presently defending EN V US Hamburg and Cotner in the Massage Envy Lawsuit under a full reservation of rights.

## VI. CLAIM FOR DECLARATORY RELIEF

65. Travelers adopts and incorporates by reference the allegations contained in Paragraphs 1 through 64 of this Complaint.

### A. THE SEXUAL MISCONDUCT EXCLUSION BARS COVERAGE FOR EVERY CLAIM ASSERTED IN THE MASSAGE ENVY LAWSUIT

66. Each claimant in the Massage Envy Lawsuit alleges "bodily injury" arising out of an actual or threatened illegal or offensive act of a sexual nature committed against her. That

conduct constitutes "sexual misconduct" as that term is defined by the Exclusion – Sexual Misconduct endorsement to the Travelers Policy.

67. The Exclusion – Sexual Misconduct bars coverage for "bodily injury" arising out of "sexual misconduct" committed by any person. By its terms the exclusion is not limited to sexual misconduct committed by an insured, and it applies without regard to the theory of liability pleaded against the insured.

68. Every claim asserted against EN V US Hamburg and Cotner in the Massage Envy Lawsuit — Counts I, III, IV, V, VI, VII, VIII, IX, X and XI — arises out of Howard's sexual misconduct. Each count, whether pleaded as vicarious liability, negligence, negligent performance of an undertaking, negligence per se, negligent infliction of emotional distress, negligent misrepresentation, fraudulent concealment, civil conspiracy, or negligent failure to rescue, depends upon that sexual misconduct as the source of the injuries alleged. But for that sexual misconduct, no claimant would have sustained the injuries alleged and no claim would exist. Count V makes the dependence explicit, pleading violations of KRS Chapter 510, relating to sexual offenses, as the predicate for liability.

69. The Exclusion – Sexual Misconduct therefore bars coverage for every claim asserted in the Massage Envy Lawsuit. Travelers has no duty to defend or indemnify EN V US Hamburg and Cotner under the Travelers Policy with respect to any such claim, including no duty to indemnify them for any final judgment entered in the Massage Envy Lawsuit and no duty to prosecute or participate in any appeal from, or to post any bond in connection with, any such judgment.

## B. THE PROFESSIONAL SERVICES EXCLUSION (SERVICES FURNISHED BY HEALTH CARE PROVIDERS) INDEPENDENTLY BARS COVERAGE

70. In the alternative and independently, the Professional Services Exclusion – Services Furnished by Health Care Providers bars coverage. The "bodily injury" alleged in the Massage Envy Lawsuit arises out of the providing of, or the failure to provide, "professional health care services" as that term is defined by the endorsement, including any health or therapeutic service, treatment, advice or instruction and any service, treatment, advice or instruction for the purpose of appearance or skin enhancement or personal grooming. The pleadings in the Massage Envy Lawsuit plead the point expressly: Count IV alleges the negligent performance of an undertaking to render massage therapy services for consideration, and each pleading alleges that the injuries occurred in the course and scope of the performance of the massage therapist's duties while massage therapy services were being rendered. The Travelers Policy identifies the insured Business as a Med Spa, and its definition of "occurrence" expressly contemplates that a Named Insured may be in the business or occupation of providing professional health care services. Travelers therefore has no duty to defend or indemnify EN V US Hamburg LLC and Cotner under the Travelers Policy with respect to any claim asserted in the Massage Envy Lawsuit.

71. Any and all claimed damages arising from the Massage Envy Lawsuit are not covered under Coverage A - Bodily Injury and Property Damage Liability, and, therefore, Travelers has no duty to defend or indemnify EN V US Hamburg and Cotner under the Travelers Policy for damages arising from the Massage Envy Lawsuit, including no duty to indemnify Defendants EN V US Hamburg and Cotner for any final judgment therein and no duty to prosecute any appeal from any final judgment therein.

72. An actual and justiciable controversy has arisen and now exists relating to the rights, duties, and obligations of Travelers under the Travelers Policy.

73. Travelers asserts this claim for declaratory judgment to obtain a judicial determination and declaration of the parties' respective rights and obligations under the Travelers Policy with respect to the Massage Envy Lawsuit.

74. Travelers is entitled to entry of a judgment declaring that no coverage is due Defendants EN V US Hamburg and Cotner under the Travelers Policy from Travelers relating to the Massage Envy Lawsuit.

WHEREFORE, the Plaintiff, Travelers Casualty Insurance Company of America, respectfully requests that the Court enter judgment in its favor and against Defendants EN V US Hamburg LLC and Marcia Cotner by order as follows:

1. That Travelers has no duty to defend EN V US Hamburg and Cotner under the Travelers Policy in the Massage Envy Lawsuit, including any obligation to prosecute any appeal from a final judgment or post any bond for same;

2. That Travelers has no duty to indemnify EN V US Hamburg and Cotner under the Travelers Policy for any damages associated with the Massage Envy Lawsuit, and is hereby relieved from paying any final judgment rendered therein;

3. That the Exclusion – Sexual Misconduct and the Professional Services Exclusion – Services Furnished by Health Care Providers each independently bar coverage for every claim asserted in the Massage Envy Lawsuit;

4. That Travelers be awarded its costs; and

5. That Travelers receive such other and further relief as the Court deems just and proper.

Respectfully submitted,

BARNES MALONEY PLLC

***/s/ Stephen C. Keller***

Stephen C. Keller, Esq.
401 West Main Street, Suite 1600
Louisville, KY 40202
PH: (502) 625-1694
Fax: (502) 779-9349
skeller@sbmkylaw.com
*Counsel for Plaintiff,*
*Travelers Casualty Insurance*
*Company of America*